UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

ROBERT D. JENKINS

Case No. 4:15-cr-16-SEB-VTW-01

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cr-00016-SEB-VTW |
| | ) | |
| ROBERT D. JENKINS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Robert D. Jenkins has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 95. Mr. Jenkins seeks immediate release from incarceration. Dkt. 106. For the reasons explained below, his motion is **DENIED**.

## I.      Background

In 2017, Mr. Jenkins was sentenced to 336 months of imprisonment and 10 years of supervised release after he pled guilty to one count of production of child pornography. Dkts. 45, 58. Before sentencing, a Presentence Investigation Report ("PSR") was prepared. Dkt. 49. The PSR describes the offense conduct as follows: In 2015, Mr. Jenkins was living with S.H. He worked as an over-the-road truck driver. She suspected that he was involved in a second relationship, so she looked at his cell phone. She found five photographs of her naked 9-year-old child. When she was interviewed, the child said that Mr. Jenkins took pictures of her with her clothes off, asked her to assume multiple poses, and positioned her for the poses. Mr. Jenkins was sentenced by the Court as a repeat and dangerous sex offender against minors based on a prior

conviction. In 2001, he was convicted of two counts of felony sexual misconduct with a minor after he sexually molested his step-daughter and a minor male victim.

Mr. Jenkins is currently 56 years old.  He has been incarcerated for just under 6 years.  Dkt. 49. The Bureau of Prisons ("BOP") lists his anticipated release date (with good-conduct time included) as March 8, 2039.  That is, he has served about 25% of his sentence. He is currently incarcerated at FCI Williamsburg in Salters, South Carolina. As of February 12, 2021, the BOP reports that 29 inmates and 41 staff members at FCI Williamsburg have active cases of COVID-19; it also reports that 149 inmates at FCI Williamsburg have recovered from COVID-19 and that 3 inmates at FCI Williamsburg have died from the virus. https://www.bop.gov/coronavirus/ (last visited Feb. 15, 2021). The BOP has also actively begun vaccinating inmates against COVID-19. *Id.* As of February 12, 2021, 93 inmates and 113 staff members at FCI Williamsburg have received both doses of the COVID-19 vaccine. *Id.*

In June 2020, Mr. Jenkins filed a pro se motion for compassionate release. Dkt. 95. The Court appointed counsel, dkt. 99, counsel filed a supporting memorandum, dkt. 106, the United States responded, dkt. 110, and Mr. Jenkins filed a reply, dkt. 112. Thus, his motion is ripe for decision.

## II.   Discussion

Mr. Jenkins seeks reduction of his sentence to time served and immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i).  Although he has contracted and recovered from COVID-19 without experiencing any serious symptoms, he argues that he could experience severe symptoms if he is reinfected because he has medical conditions (including type 2 diabetes and obesity) that increase his risk of severe COVID-19 symptoms. Dkt. 112. In response, the United States argues that Mr. Jenkins has not shown

3

extraordinary and compelling reasons warranting a sentence reduction; he is a danger to the community; and the § 3553(a) factors do not favor release. Dkt. 110.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section

---

[1] The United States raised exhaustion earlier in the case in response to a preliminary order from the Court. Dkt. 98. Thereafter, in the supporting memorandum filed by counsel, Mr. Jenkins argued that he had complied with the exhaustion requirements of § 3582(c)(1)(A) because more than 30 days had passed since he made his administrative request to the warden. Dkt. 106 at 20. The United States did not renew its exhaustion defense in its response, thereby arguably waiving further assertion of that argument. To the extent the United States has properly raised the exhaustion defense, the Court notes that it would be inefficient to require Mr. Jenkins to withdraw and re-file his motion at this time, when all briefing on the merits is already complete. Thus, to preserve judicial resources, the Court declines to decide whether Mr. Jenkins's motion must be denied under the Seventh's Circuit recent decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021) and proceeds to the merits of the case.

> 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the

5

caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety

of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Jenkins does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.[2]

The Court declines to find extraordinary and compelling reasons warranting a sentence reduction in this case. Although Mr. Jenkins has conditions that increase his risk of experiencing severe symptoms from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 15, 2021) (identifying type 2 diabetes and obesity as conditions that increase risk of severe symptoms from COVID-19), he has already contracted and recovered from COVID-19 without experiencing severe symptoms. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. Young*, No. 3:15-cr-38-RLY-CMM-03, dkt. 139

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court has considered the rationale provided by the warden in denying Mr. Jenkins's administrative request for relief. Mr. Jenkins's warden appears not to have considered the possibility that Mr. Jenkins could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *See* dkt. 106-5. Thus, the warden's decision provides little guidance to the Court's analysis.

(denying motion to reconsider and finding no extraordinary and compelling reason warranting release where defendant claimed to be experiencing chest pains and difficulty breathing several months after his COVID-19 diagnosis because the symptoms were not severe or debilitating).

Mr. Jenkins's concern about reinfection does not change the result. The Court recognizes that FCI Williamsburg experienced a serious outbreak of COVID-19, and a significant number of inmates and staff members at the facility are still infected. Nonetheless, Mr. Jenkins's reliance on the possibility that he will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Feb. 15, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020). The fact that the BOP is now actively vaccinating inmates against COVID-19—including inmates at FCI Williamsburg—only underscores the speculative nature of any concern about reinfection.

Given the Court's determination that Mr. Jenkins has not shown extraordinary and compelling reasons to justify his release, whether Mr. Jenkins is a danger to the community and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that the § 3553(a) factors and the danger Mr. Jenkins would pose to the community also weigh against his release. Mr. Jenkins is a recidivist sexual predator who has targeted young children. He served significant time following his 2001 conviction, but that period of incarceration did not deter him from targeting another minor victim. Importantly, his

most recent victim is still a minor. While Mr. Jenkins is to be commended for completing multiple classes during his incarceration, it does not appear that he has completed sex offender treatment. Moreover, he has served only about 25% of his sentence.

As a result, the Court cannot find that Mr. Jenkins would not pose a danger to any person or the community if he is released. Neither can it find that any risk Mr. Jenkins faces from COVID-19 warrants releasing him from incarceration at this time. *See United States v. Saunders*, __ F.3d __, No. 20-2486, 2021 WL 420317, at *2 (7th Cir. Feb. 8, 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence); *United States v. Swain*, No. 2:15-cr-19-JMS-CMM-06, dkt. 781 (S.D. Ind. June 3, 2020) (denying defendant's compassionate release motion and finding that even if defendant had shown extraordinary and compelling reasons warranting compassionate release, defendant's criminal history rendered him a danger to the community).

### III.    Conclusion

For the reasons stated above, Mr. Jenkins's motion for compassionate release, dkt. [95] is **denied**.

**IT IS SO ORDERED.**

Date:  _____2/19/2021_____          _____
                                    SARAH EVANS BARKER, JUDGE
                                    United States District Court
                                    Southern District of Indiana

Distribution:

All Electronically Registered Counsel